**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Wichansky, | No. CV-23-01904-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Sean Callagy, et al., | |
| Defendants. | |

## I.

Plaintiff Marc Wichansky sues his former attorneys for breach of fiduciary duty and constructive fraud.

Plaintiff, who was represented by Defendants, obtained a $27 million jury verdict against his former business partner. (Doc. 1-1 ¶ 26.) The former business partner threatened bankruptcy, so the parties mediated the dispute and Plaintiff accepted $18 million to settle his claims. (*Id*. ¶¶ 28-31.)

Then, Plaintiff and his spouse divorced, and both became subject to a property settlement agreement entered by the Arizona Superior Court. (*Id*. ¶¶ 36-39.) For his divorce proceedings, Plaintiff was represented by a different law firm and lawyer. (Doc. 21-1 ¶¶ 15-16.)

The Superior Court entered its divorce decree, which incorporated the property settlement agreement. Plaintiff then sought counsel from Defendants to determine much money his ex-wife was entitled to receive from the $18 million settlement under the divorce

1   decree. (Doc. 1-1 ¶¶ 52-59.) This question necessarily implicated the terms of the property
2   settlement agreement. Acting on Defendants' advice, Plaintiff alleges that Defendants'
3   counsel was in error and, as a result, he did not leave enough funds for his ex-spouse as
4   required by the property settlement agreement. (*Id*. ¶¶ 60-61.) The Superior Court found
5   that Plaintiff violated its decree and ordered him to pay almost $300,000 in interest. (*Id*.)

6       Plaintiff filed his case in Arizona Superior Court alleging breach of fiduciary duty
7   and constructive fraud. Defendants removed the action to this Court. Pending is
8   Defendants' Motion to Transfer Venue to the District of New Jersey. Defendants contend
9   that, because of a forum-selection clause in various legal engagement agreements, Plaintiff
10  has consented venue in New Jersey. (Doc. 15 at 2.) Plaintiff opposes the Motion, arguing
11  that there is no enforceable forum selection clause that governs the claims asserted in this
12  case.

13                                      **II.**

14      A defendant seeking to enforce a forum-selection clause may object to the venue
15  chosen by plaintiff and move to transfer the case. Under 28 U.S.C. § 1404(a), "[f]or the
16  convenience of parties and witnesses, in the interest of justice, a district court may transfer
17  any civil action to any other district or division where it might have been brought . . . ."
18  "Forum selection clauses are presumed valid and should be enforced unless doing so
19  clearly would be 'unreasonable and unjust, or the clause was invalid for such reasons as
20  fraud or overreaching.'" *Aimsley Enters. Inc. v. Merryman*, No. 19-CV-2101-YGR, 2020
21  WL 1677330, at *5 (N.D. Cal. Apr. 6, 2020) (quoting *Atl. Marine Const. Co. v. U.S. Dist.*
22  *Court for W. Dist. of Texas*, 571 U.S. 49, 62-63 (2013)).

23      Well-established judicial policy favors the enforcement of forum selection clauses
24  as representations of the parties' bargaining and mutual expectations. And a plaintiff bears
25  the heavy burden "to show why the court should not enforce the forum selection clause."
26  *Id.*; *see also Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1084 (9th Cir.
27  2018) (affirming the dismissal of a complaint because a plaintiff did not carry "their heavy
28  burden of showing the sort of exceptional circumstances that would justify disregarding a

- 2 -

1    forum-selection clause").

2                                    **III.**

3                                     **A.**

4         The Court's first task is to determine whether a contractually valid forum-selection

5    clause exits. *Pierman v. Stryker Corp.*, No. 3:19-cv-00679-BEN-MDD, 2020 WL 406679,

6    at *2 (S.D. Cal. January 24, 2020). "When deciding whether the parties agreed to a certain

7    matter, courts generally . . . should apply ordinary state-law principles that govern the

8    formation of contracts. Consent is an essential element of any contract, and must be free,

9    mutual and communicated." *Moretti v. Hertz Corp.*, No. C 13-02972-JSW, 2014 WL

10   1410432, at *2 (N.D. Cal. Apr. 11, 2014).

11        Defendants produce three engagement agreements between themselves and

12   Plaintiff. The first, from May 2011, is between Plaintiff and the Law Office of Sean R.

13   Callagy, Esq., LLC. (Doc. 15-1.) Both parties signed this agreement. This agreement does

14   not include a forum selection clause. This engagement agreement therefore cannot compel

15   the relief Defendants seek.

16        Next, Defendants produce a May 11, 2015 engagement agreement between those

17   same parties. (Doc. 15-2.) The scope of this agreement is defined as providing legal

18   representation for Plaintiff in eight identified lawsuits. Many were cases pending against

19   his former business partner. This agreement includes a forum-selection clause:

20                  [The] Parties agree that any disputes that arise out of this
21                  Agreement will be resolved according to the laws of the State
                    of New Jersey and the trier of fact shall award attorneys fees to
22                  the prevailing party. Client consents to *in personam*
23                  jurisdiction in New Jersey and agrees that venue shall be in
                    Bergen County, New Jersey.
24

25   (Doc. 15-2 at 3.)

26        Plaintiff signed this agreement. But it was not countersigned by a representative of

27   the Law Office of Sean R. Callagy, Esq.

28        The third is an amended agreement between Plaintiff and Callagy Law dated

1   January 1, 2016. (Doc. 15-3.) This became necessary when Plaintiff could not pay

2   Defendants' fees, and the amendment restructured Plaintiff's payment obligations. (*Id.* at

3   1-2.) While the text of the agreement mentions Callagy Law, it is on Sean R. Callagy, Esq.

4   LLC letterhead. The document provided to the Court is not signed by either party. The

5   amended agreement includes a forum-selection clause—"Parties agree that any disputes

6   that arise out of this Agreement will be resolved according to the laws of the State of New

7   Jersey. Client consents to *in personam* jurisdiction in New Jersey and agrees that venue

8   shall be in Bergen County, New Jersey." (*Id.* at 5.)

9       Plaintiff argues that two of the forum selection clauses are unenforceable because

10  they are contained in engagement agreements between him and a different law firm, the

11  Law Office of Sean R. Callagy, Esq. The Court rejects this argument. The record shows

12  that, throughout legal representation, the Law Office of Sean R. Callagy became Callagy

13  Law. One of Plaintiff's former lawyers, Michael Smikun, explained that "[i]n or around

14  early 2015, . . . The Law Office of Sean R. Callagy, Esq. LLC was going to be wound down

15  and we would begin representing clients under the entity Callagy Law, P.C." (Doc. 21-1

16  ¶ 5.) Defendants continued to perform legal work for Plaintiff without interruption. (*Id.*

17  ("There was no interruption of services from my perspective, as all of the firm's attorneys,

18  staff, and office location remained unchanged.")) The same lawyers continued their

19  representation of Plaintiff on the same cases, including the litigation between Plaintiff and

20  his former business partner. Plaintiff was advised of this change, and he did not seem to

21  mind. (*Id.* ¶¶ 8-9.)

22      Plaintiff next contends that the 2016 amended engagement agreement cannot be

23  enforced because he did not sign it. Defendants argue that, even though he did not sign the

24  engagement agreement, Plaintiff cannot now deny its terms because he continued to accept

25  their legal services. Indeed, Defendants argue that Plaintiff "never objected to or

26  questioned [the forum selection clause's] relevance throughout their longstanding

27  relationship while otherwise acting in accordance with the engagement contracts." (Doc.

28  21 at 4 (citing *Borough of Point Pleasant Beach v. J.C. Williams Co.*, 270 A.2d 275, 276

- 4 -

(N.J. 1970).)

Under both Arizona and New Jersey law, a party's conduct can demonstrate the acceptance of an offer. *In re BFA Liquidation Tr.*, 331 B.R. 907, 911 (D. Ariz. 2005) ("An offer may be accepted in any reasonable manner, unless the offer specifies the manner of acceptance or excludes certain manners of acceptance. Conduct can be a reasonable manner of accepting an offer." (Citing Restatement (Second) of Contracts, § 30 (1981)); *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992) ("An offeree may manifest assent to the terms of an offer through words, creating an express contract, or by conduct, creating a contract implied-in-fact."). Plaintiff employed the Defendant lawyers on a multitude of litigation matters for several years. Despite not signing the amended engagement agreement, he enjoyed the benefits of their services and signed previous engagement agreements. The Court concludes that the forum selection clause in the 2016 agreement applies to Plaintiff, even though he did not sign the document.

It should not come as a surprise that Defendants included a contractual provision mandating the adjudication of disputes in New Jersey. Plaintiff signed the 2015 engagement agreement, which included a virtually identical forum selection clause. (Doc. 15-2 at 3.) Plaintiff's lawyers are based in New Jersey. As Defendants' counsel emphasized at oral argument, Plaintiff sought out Defendants' work and continued to hire them for Arizona-based litigation matters. And, importantly, Plaintiff sought Defendants' advice on the allocation of funds issue that undergirds his allegations in this lawsuit. The Court therefore rejects Plaintiff's various arguments that the forum selection clause is invalid.

**B.**

The question remains whether the present controversy falls within the scope of the forum-selection clause. The Court "appl[ies] federal contract law to interpret the scope of a forum-selection clause even in diversity actions, such as this one." *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018). "[G]eneral principles for interpreting contracts" should guide the Court's review of the forum-selection clause language. *Id.* (quoting *Doe I v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (per

curiam)).

The forum-selection clause provides that "any disputes that arise out of this Agreement will be resolved according to the laws of the State of New Jersey." (Doc. 15-3 at 5.) Plaintiff relies on the phrase, "arise out of this Agreement," contending that the clause is limited to claims limited to the four corners of engagement agreement, such as those relating to the performance and enforcement of the agreement's terms. Defendants argue that the clause is broader in scope but, even if it is limited as Plaintiff suggests, that limited reading encompasses claims relating to the quality of legal services performed under the engagement.

Plaintiff correctly observes that the Ninth Circuit's rule is that forum-selection clauses with such language as "'arising out of' a particular agreement apply only to disputes 'relating to the interpretation and performance of the contract itself.'" *Yei A. Sun*, 901 F.3d at 1086 (quoting *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011)). "By contrast, forum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or casual connection' to the agreement." *Id.* (quoting *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1074 (3rd Cir. 1997) (Alito, J.)). The forum-selection clauses here do not use the expansive "relating to" phrasing.

But the Court need not parse the forum-selection clause language beyond Plaintiff's own interpretation. Plaintiff hired Defendants to provide legal services. All the engagement agreements, including the amended agreement, specify that Defendants represented Plaintiff in "various Actions filed by and against you," while identifying several of them. (Doc. 15-2 at 1; Doc. 15-3 at 2.) The agreements also say that the "Law Firm agrees to provide you with conscientious, competent, and diligent services an at all time will seek to achieve solutions which are just and reasonable to you." (Doc. 15-2 at 3; Doc. 15-3 at 4.)

In this lawsuit, Plaintiff charges that Defendants gave him bad legal advice. Accepting his factual allegations as true, and assuming for this analysis that his claims against Defendants are meritorious, the Court finds that the claims indeed arise out of the

engagement agreements. Defendants owed Plaintiff a contractual duty to perform "conscientious, competent, and diligent [legal] services." Plaintiff's claims here implicate this duty, particularly in the realm of competency.

Likewise, Plaintiff's argument that the forum-selection clause does not apply because the engagement agreements do not specify legal representation for Plaintiff's divorce proceedings fails. This argument aims to separate Defendants' allegedly faulty advice from the lawsuits listed in the Parties' engagement agreements. True, Defendants' advice may have caused an adverse finding by the Arizona Superior Court in Plaintiff's divorce proceedings. And Defendants were not engaged to represent Plaintiff in his divorce. But the funds that were allegedly insufficiently reserved for his ex-spouse come from Plaintiffs' mediation recovery against his former business partner. The latter was within Defendants' scope of legal representation.

For these reasons, the Court finds that Plaintiff has not satisfied his burden to show that the forum-selection clause should not be enforced. The Court will enforce the forum-selection clause as to the claims brought in this matter.

## VI.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Transfer Venue (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **TRANSFER** this action to the United States District Court for the District of New Jersey for all further proceedings.

Dated this 10th day of January, 2024.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge